2009 DEC 14 PM 1:17

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUBREY DOUGLAS RAY, *et al.*, ) | CASE NO.: 1:09 CV 714 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| FORD MOTOR COMPANY, et al., ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This matter is before the Court on Defendants' Ford Motor Company and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local 1250 (hereinafter "Ford", "UAW", or collectively "Defendants") Motions to Dismiss Plaintiff's Amended Complaint. (ECF #12, 15). Plaintiffs have filed Briefs in Opposition to the motions to dismiss (ECF #14, 17) and Defendants filed Reply Briefs in Further Support of their motions. (ECF # 18, 21). After careful consideration of the briefs and a review of all relevant authority, Defendants' motions to dismiss are GRANTED.

**STANDARD OF REVIEW**

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider

the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## FACTS[1]

Plaintiffs filed suit against the Defendants on February 19, 2009 in the Cuyahoga County Court of Common Pleas, alleging claims of fraud and promissory estoppel. Defendant Ford removed the case to federal court based on federal question jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *et. seq.* ("LMRA"). Plaintiffs did not oppose the removal. An Amended Complaint was filed in April of 2009, asserting the same claims, adding a jury demand, and requesting increased monetary damages.

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

-2-

The Amended Complaint ("Complaint") alleges that Defendants promised the Plaintiffs a retirement incentive package (called the "Special Retirement Incentive," hereinafter "SRI") that included a lump sum payment of $35,000 if they retired in or about June of 2006. It further alleges that representatives of the Defendants told Plaintiffs that all employees eligible for one of the early retirement packages would receive the benefits, that it was a "one-time only deal," and that if Plaintiffs did not elect early retirement under this offer, no further early retirement incentives would be offered. (Complaint, ¶¶ 8, 15). Plaintiffs allege that based on these representations, they elected to take early retirement and that Ford has failed to pay them the $35,000 lump sum as promised. Plaintiffs retired effective June 1, 2006, July 1, 2006 or August 1, 2006, and began receiving monthly pension benefits payments. (Calanni Decl. ¶ 5). The Complaint alleges that additional early retirement incentives have been offered since the Plaintiffs retired, contrary to Ford's representation that the early retirement incentive was a "one-time only deal. Plaintiffs assert claims for fraud and promissory estoppel.

Defendants claim that all of the Plaintiffs claims are pre-empted by Section 301 of the LMRA, and any claims under the LMRA are subject to a six-month statute of limitations that has long expired. In support of this contention, Ford submitted sworn declarations from Robert Lorenzo, a Human Resources Associate at Ford; Kurt Ludwig, a retired Site Coordinator of Hourly Personnel at Ford's Cleveland, Ohio plant; and, Wayne Calanni, a Human Resources Associate at Ford. Collectively, these declarations attest that the terms and conditions of Plaintiffs' employment were defined by the Collective Bargaining Agreement between Ford and the UAW; that the terms and conditions of workforce reduction are addressed in the Master

-3-

Agreement[2] and were negotiated with the UAW; that following collective bargaining negotiations, Ford and the UAW signed a memorandum of understanding ("MOU") memorializing their agreement with regard to buy-out packages that would be offered to the Plant's skilled and non-skilled employees; and, that the $35,000 buy-out package that is the basis of the Plaintiffs' Complaint was one of five packages set forth in the MOU. Documentation of the relevant agreements was also provided. Plaintiffs have not disputed any of these facts.

## ANALYSIS

State law "does not exist as an independent source of private rights to enforce collective bargaining contracts." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799 (6th Cir. 1990) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987)). Section 301 of the LMRA governs "suits for violations of contracts between an employer and a labor organization. . ." pre-empting state law claims that are "substantially dependent on analysis of a collective bargaining agreement." " *Id.* at 799-800 (6th Cir. 1990)(citing *Int'l Bd. Of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).If "evaluation of the [state law] claim is inextricably intertwined with consideration of the labor contract," the claim is pre-empted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). The pre-emptive effect of § 301 applies to claims brought against an employer and/or a union. *Fox*, 914 F.2d at 799 (citing *Smith v. Evening News Ass'n*, 371 U.S. 195, 200-01 (1962)).

The Complaint hinges on the allegation that each of the Plaintiffs was eligible for the SRI. (Complaint ¶ 11). The fraud claim alleges that representatives of the Defendants stated to

---

2

Terms and conditions of workforce reduction are mandatory subject of bargaining under the National Labor Relations Act. *See Allison-Chalmers Corp. v. Lueck*, 471 U.S. 202, 216 n. 6 (1985).

-4-

the Plaintiffs that all eligible employees would receive benefits under a retirement package, (Complaint ¶ 13), and that they were refused benefits to which they were entitled. These critical facts cannot be established without a determination as to whether the Plaintiffs were in fact eligible for the SRI and entitled to benefits under that incentive. Determination of eligibility/entitlement to the SRI requires a comprehensive analysis of the SRI, the MOU, and the Master Agreement, all of which are the products of a collective bargaining process, and constitute collective bargaining agreements.

Further, it would, as a matter of law, have been unreasonable for the Plaintiffs to rely on promises or assertions not contained in or addressed by the collective bargaining contract that addressed the same issues/benefits; and, if the promises or assertions complained of were contained in or addressed by the collective bargaining agreement, then the claims are clearly pre-empted, as collective bargaining contracts cannot be enforced under state law. Promissory estoppel cannot be used to circumvent the terms of a written contract or agreement. Either way, an analysis of the Special Retirement Incentive agreement contained in the MOU, and its relationship to the Master Agreement would be necessary.

In order to determine the Plaintiffs' fraud and promissory estoppel claims, the Court would have to look at the terms of the SRI, which was set forth in the MOU established through the collective bargaining procedures, and which references eligibility criteria and terms in the Master Agreement, a collective bargaining agreement. Therefore, the claim would fall under the purview of § 301 of the LMRA.[3]

---

[3] Although the analysis has been undertaken in detail, the Court finds that it is unnecessary to set forth a full explanation of how proof of each element of the two claims alleged may

The parties do not dispute that a six month statute of limitations applies to claims against an employer and union under § 301 of the LMRA, nor do they dispute that this statute of limitations would have begun to run when the Plaintiffs discovered the alleged violation (in this case, the failure to pay the $35,000 lump sum incentive upon retirement). There is also no dispute that the statute of limitations would have been triggered no later than October of 2006, nearly two and a half years before this lawsuit was filed.

The statute of limitations would have begun to run on claims relating to the promise to pay a $35,000 lump sum when the Plaintiffs discovered that they were being paid the allegedly promised amount; or, on claims relating to the alleged representation that this one a one-time offer, when another round of buyout packages was offered . The Complaint states that each of the Plaintiffs elected the retire under the SRI package in or about May of 2006, with the effective date of retirement in or about June 2006, (Complaint ¶ 15), and that none of the Plaintiffs ever received the $35,000 bonus under the SRI package. (Complaint ¶ 16). Further, Plaintiffs have not disputed that another round of buyouts were offered in October of 2006. This lawsuit was not filed until February 19, 2009 - more than two and a half years after the Plaintiffs retired, and well over two years after another round of buyouts had been offered. There is no doubt, nor any dispute that the six month statute of limitations has expired.[4]

---

or may not be intertwined with the terms of the collective bargaining agreement. It is sufficient for the pre-emption argument, that the essential claim of eligibility would require a detailed analysis of the SRI, the MOU, and certain terms of the Master Agreement. This creates sufficient interdependence between the claims and the collective bargaining agreement to meet the pre-emption criteria under the LMRA.

[4] Plaintiffs do not argue that the six-month statute of limitations has run if it applies, they merely argue (unsuccessfully) that it should not apply to the state law claims.

Therefore, as the Court finds that Plaintiffs state law claims are dependent on terms set forth in a collective bargaining agreement, they are pre-empted by the LMRA; and, there is no dispute that the statute of limitations has run on any LMRA claims based on the facts set forth in the Plaintiffs' Amended Complaint.  The action, therefore, must be dismissed as untimely.

### CONCLUSION

For the reasons set forth above, the Defendants' Motions' to Dismiss (ECF #12, 15) are hereby GRANTED.  This case is dismissed with prejudice.  IT IS SO ORDERED.

/s/ Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date: December 11, 2009